UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHELLE BAILEY and MICHAEL JETT, individually and on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**TYSON FOODS INC.,**<br><br>**Defendant.** | **Case No.**<br><br>**CLASS ACTION COMPLAINT** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Tyson Foods, Inc. ("Defendant" or "Tyson Foods") hereby removes the matter captioned *Michelle Bailey and Michael Jett, individually and on behalf of themselves and all others similarly situated v. Tyson Foods Inc.,* Case No. 2023 CH 00881, which was filed in the Circuit Court of Cook County, Illinois, Chancery Division (the "State Court Action"), to the United States District Court for the Northern District of Illinois, Eastern Division.[1]  The grounds for removal are set forth below.

## I.  COMPLIANCE WITH STATUTORY REQUIREMENTS

1.  On January 27, 2023, Plaintiffs Michelle Bailey ("Bailey") and Michael Jett ("Jett") (collectively, "Plaintiffs") commenced the State Court Action, asserting claims against Tyson Foods for alleged violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513 *et seq.* ("GIPA").  Plaintiffs plead their claims on behalf of themselves and "all others

---

[1]  Plaintiffs have incorrectly identified "Tyson Foods, Inc." as their former employer and the defendant in this action.  Plaintiff Michelle Bailey was employed by AdvancePierre Foods, Inc. ("AdvancePierre"), and Plaintiff Michael Jett was employed by Tyson Fresh Meats, Inc. ("Tyson Fresh Meats"), both of which are wholly owned subsidiaries of Tyson Foods, Inc.  Neither plaintiff was employed by Tyson Foods, Inc.

similarly situated." *See generally* Plaintiffs' Class Action Complaint (the "Complaint"), attached hereto as Exhibit A.

2.     On February 10, 2023, Plaintiffs served Tyson Foods' registered agent with a copy of the Complaint. This Notice of Removal is filed within thirty (30) days after service of the Complaint and therefore is timely pursuant to 28 U.S.C. § 1446(b). Moreover, this Notice of Removal is properly filed in this district and division because Plaintiffs filed the State Court Action in the Circuit Court of Cook County, Illinois, which is located within the Eastern Division of the Northern District of Illinois. 28 U.S.C. §§ 1441(a), 1446(a).

3.     In accordance with 28 U.S.C. § 1446(d), Tyson Foods will promptly provide written notice of removal of the State Court Action to Plaintiffs, and it will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

## II.     JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)

4.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA vests federal district courts with original jurisdiction over putative class actions in which there is minimal diversity between the parties and the amount in controversy, aggregated across the putative class members' claims, exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2) and (6); *see also id.* § 1441(a) (providing for removal of civil actions for which district courts have original jurisdiction). Under CAFA, minimal diversity is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* § 1332(d)(2)(A).

5.     In the Complaint, Plaintiffs allege that they are and were "at all relevant times … individual citizen[s] of the State of Illinois." Exhibit A, ¶¶ 10-11. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled, which is "the place one intends

to remain." *E.g.*, *Creighton v. Bristol-Myers Squibb &Co.,* 2013 U.S. Dist. LEXIS 164256, at *7 (N.D. Ill. May 10, 2013) (*citing Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)). Accordingly, Plaintiffs are citizens of the State of Illinois for purposes of removal.

6.     Tyson Foods is a Delaware corporation whose principal place of business is located in Springdale, Arkansas. *E.g.*, <u>Exhibit A</u>, ¶ 12.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Accordingly, Tyson Foods is a citizen of Delaware and Arkansas.  It is not, however, a citizen of Illinois because it is neither incorporated, nor does it maintain its principal place of business, in Illinois.[2]

7.     Thus, because Plaintiffs and Tyson Foods are citizens of different states, CAFA's minimal diversity requirement is satisfied. *E.g., Roppo v. Travelers Com. Ins. Co.,* 869 F.3d 568, 578 (7th Cir. 2017) (diversity between named plaintiffs and named defendant satisfies CAFA's minimal diversity requirement).

8.     CAFA also requires that the action involve 100 or more putative class members. 28 U.S.C. § 1332(d)(5)(B).  Plaintiffs estimate that Tyson Foods currently employs "over one thousand employees in the state [of Illinois]," and their proposed class consists of "all individuals, from the date *five years prior to the date of the filing of this action* to the date of class certification of this action … who *applied for* employment with Defendant or *were employed* by Defendant in Illinois." <u>Exhibit A</u>, ¶¶ 13, 48 (emphasis added)).  Thus, Plaintiffs' proposed class is comprised of 100 or more putative class members, as required by CAFA.

---

[2] Similarly, AdvancePierre (Bailey's former employer) and Tyson Fresh Meats (Jett's former employer) are Delaware corporations whose principal places of business are located in Arkansas. Thus, neither AdvancePierre nor Tyson Fresh Meats is a citizen of Illinois.

9.      For the amount in controversy, "[a] removing party … only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." *Roppo*, 869 F.3d, at 579 ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties.") (emphasis in original; internal quotation marks omitted).

10.     In their prayer for relief, Plaintiffs seek – on behalf of themselves and the proposed class members – (a) declaratory relief, (b) injunctive and equitable relief, (c) statutory damages of $15,000 or actual damages, whichever is greater, for each intentional and/or reckless violation or, in the alternative, statutory damages of $2,500 or actual damages, whichever is greater, for each negligent violation, and (d) reasonable attorneys' fees and costs and other legal expenses.  Exhibit A, ¶ 65.  Thus, according to Plaintiffs' own damages calculation, Plaintiffs' and the putative class members' purported damages, in the aggregate, far exceed CAFA's $5,000,000 threshold.

## III.    CONCLUSION

11.     Based on the foregoing, this Court has original jurisdiction over Plaintiffs' claims under CAFA.  Thus, removal to federal court is proper.

12.     By filing this Notice of Removal, Tyson Foods does not waive any claims or defenses.  Tyson Foods also does not concede, in any way, that the allegations in the Complaint are accurate, that Tyson Foods committed any of the violations of law alleged in the Complaint, that Plaintiffs have asserted any claims upon which relief can be granted, that certification of the proposed class is appropriate, or that recovery of any of the amounts sought is authorized or appropriate.

WHEREFORE, Defendant Tyson Foods hereby removes the action now pending against it in the Circuit Court of Cook County to this Honorable Court.

Dated: March 13, 2023

Respectfully submitted,

**TYSON FOODS, INC.**

*/s/   Chad W. Moeller*
Chad W. Moeller (cmoeller@nge.com)
Jason C. Kim (jkim@nge.com)
Alissa J. Griffin (agriffin@nge.com)
Kathleen E. Okon (kokon@nge.com)
NEAL, GERBER & EISENBERG LLP
2 N. LaSalle St. Suite 1700
Chicago, IL 60602
Phone: (312) 269-8000
*Attorneys for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, an attorney, certifies that he served a copy of the foregoing **Notice of**

**Removal** via email and electronic filing this 13th day of March, 2023 on:

> Edward A. Wallace (eaw@wallacemiller.com)
> Mark R. Miller (mrm@wallacemiller.com)
> Molly C. Wells  (mcw@wallacemiller.com)
> WALLACE MILLER
> 150 N. Wacker Drive, Suite 1100
> Chicago, Illinois 60606
> (312) 261-6193
>
> – and –
>
> Elizabeth E. Brehm (ebrehm@sirillp.com)
> Kyle McLean (kmclean@sirillp.com)
> SIRI & GLIMSTAD LLP
> 745 Fifth Avenue, Suite 500
> New York, NY 10151
> (212) 532-1091

By: ___*/s/ Chad W. Moeller*_____
One of Defendant's Attorneys

34898203.4