# **<u>EXHIBIT A</u>**

Hearing Date: 5/30/2023 9:30 AM
Location: Court Room 2502
Judge: Demacopoulos, Anna Helen

**12-Person Jury**

FILED
1/27/2023 4:50 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH00881
Calendar, 13
21238958

FILED DATE: 1/27/2023 4:50 PM 2023CH00881

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MICHELLE BAILEY and MICHAEL JETT, individually and on behalf of themselves and all others similarly situated,<br>　　　　　　　　　　　Plaintiffs,<br>v.<br>TYSON FOODS, INC.,<br>　　　　　　　　　　　Defendant. | Case No. 2023CH00881<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

Plaintiffs Michelle Bailey and Michael Jett ("**Plaintiffs**"), by their undersigned attorneys, on their own behalf and on behalf of all others similarly situated, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, brings this action against TYSON FOODS, INC. ("**Defendant**") for its violations of Plaintiffs' privacy rights guaranteed under the Illinois Genetic Information Privacy Act, 410 Illinois Compiled Statute ("**ILCS**") 513 *et seq.* (hereinafter "**GIPA**"), and alleges as follows:

### NATURE OF THE ACTION

1. Unlocking the human genetic code came with it the potential for hitherto unfathomable medical development. It permitted individuals to learn in detail the possibilities that were hidden within their genome. For the first time, women can now learn whether they are predisposed to get breast cancer; families can trace their genetic lineage back thousands of years, and law enforcement can use DNA samples to identify criminals.

2. However, all of this information can only be obtained if people are willing to allow sharing of genetic information, and that is only possible if people know that their genetic information will not be used against them in future employment, insurance or other situations. For

example, few women would want to learn about a predisposition to breast cancer if that meant that they could be barred from certain jobs or prevented from obtaining life insurance.

3. The Illinois Legislature enacted GIPA in 1998 with the goal to protect Illinois residents from having their genetic information being used against them in employment settings.

4. Consistent with this goal, GIPA provides strong legal protections to ensure that Illinois residents can take advantage of the knowledge that can be gained from obtaining personal genetic information, without fear that this same information could be used by employers to discriminate against them.

5. Among its other valuable protections, GIPA prohibits employers from learning or using genetic information in making employment decisions. GIPA bars employers from asking about employees or potential employees' genetic information, prevents employers from obtaining this information from third parties, and forbids employers from using such information to affect the terms and conditions of employment.

6. To accomplish this goal, GIPA employs a comprehensive definition of "genetic information" that includes information regarding an individual's family medical history.

7. Despite GIPA's prohibitions, some companies in Illinois still ask their employees or applicants to provide protected family medical history when making hiring determinations and job assignments in blatant violation of the law.

8. Defendant chose to repeatedly disregard Illinois' genetic privacy laws by asking its employees to provide genetic information in the form of family medical history to assist the company in making employment decisions.

9. Accordingly, Plaintiffs seek on behalf of themselves, and all of Defendant's other similarly situated employees in the state, an order: (i) requiring Defendant to cease the unlawful

2

FILED DATE: 1/27/2023 4:50 PM 2023CH00881

activities discussed herein; and (ii) awarding actual and/or statutory damages to Plaintiffs and the members of the proposed Class.

## PARTIES

10. Plaintiff Michelle Bailey is and was at all relevant times of employment with Defendant, an individual citizen of the State of Illinois. Ms. Bailey currently resides in Roxana, Illinois.

11. Plaintiff Michael Jett is and was at all relevant times of employment with Defendant, an individual citizen of the State of Illinois. Mr. Jett currently resides in Moline, Illinois.

12. Defendant TYSON FOODS, INC. is a Delaware corporation with its headquarters located at 2200 West Don Tyson Parkway, Springdale, AR 72762. Defendant conducts business throughout this County, the State of Illinois, and the United States.

13. Defendant is a major employer in the state of Illinois, with over one thousand employees in the state. Defendant operates throughout Illinois in multiple locations, including food processing plants at 12 Tucker Drive, Caseyville, IL 62232 ("the Caseyville Plant") and 28424 38th Avenue N, Hillsdale, IL 61257 ("the Joslin Plant"), as well as a distribution center at 600 Wiscold Drive, Rochelle, IL 61068 and corporate offices at 400 S. Jefferson Street, Chicago, IL 60607.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 of the Illinois Code of Civil Procedure because Defendant conducts business transactions in Illinois and has committed tortious acts in Illinois.

15. Venue is proper in Cook County because Defendant operates throughout this County and "resides" in Cook County within the meaning of 735 ILCS 5/2-102(a).

## ILLINOIS GENETIC INFORMATION PRIVACY ACT ("GIPA")

16. During the 1990's the U.S. government poured billions of dollars into the Human Genome Project in an attempt to map the entire human genetic code. When President Clinton announced the first successful "rough draft" of the Project in 2000, he hailed it as one of the great achievements of human history, and said: "Today we are learning the language with which God created life[.]"[1]

17. However, like any great leap in human understanding, learning the meaning of people's genetics came with many concerns. One movie released around this time, the dystopian science fiction movie *Gattaca*, attempted to show how this new technology could be abused. The movie conjured a not-too-distant future where genetic discrimination was rampant. In the movie, companies segregated people based on their genetic profiles, those with better genetic profiles (i.e. genetically engineered humans) were eligible for professional employment, while others with less desirable genetics (e.g., susceptibility to heart disease or cancer) were unemployable or relegated to menial jobs. Since its release, the film has been regularly used in schools to show the possible misuses of genetic information.[2]

---

[1] *Scientists Complete Rough Draft of Human Genome* (N.Y. Times June 26, 2000) *available at* https://archive.nytimes.com/www.nytimes.com/library/national/science/062600sci-human-genome.html?amp;sq=francis%252520collins&st=cse&scp=23

[2] *What Do People Who Work in Genetics Think About Gattaca 25 Years After Its Release* (Slate Aug. 15, 2022) *available at* https://slate.com/technology/2022/08/gattaca-25th-anniversary-genetics-crispr.html

4

18. Illinois stood at the forefront of protecting its citizens from the abuse of this technology when it first passed GIPA in 1998. According to the Illinois Legislature, the intent of GIPA is to protect an individual from their genetic information (such as family medical history) being used against them in a discriminatory manner. Limiting the use or requests for protected genetic information is a key component of health information privacy. 410 ILCS 513/5(1)-(5).

19. The Illinois Legislature amended GIPA in 2008 to increase its protections and harmonize Illinois state law with the then-recently passed Federal Genetic Information Nondiscrimination Act of 2008 ("**GINA**"), 110 P.L. 233; see also 42 U.S.C. § 2000ff. The 2008 amendments to GIPA sought to further prohibit discriminatory practices of employers through the use of genetic information of employees, including such employees' family medical history.

20. During discussions of the 2008 GIPA amendments, the Illinois Legislature recognized the importance of safeguarding family medical history due to the fact that it is akin to knowledge of genetic predispositions:

> I hope the [legislature] understands the importance of [family medical history]; it's becoming more and more important. Back in '96 or '97, I had a third generation ovarian cancer survivor that came to me with this issue. ... If a woman has ... the gene that causes breast cancer, she can have up to an 84 percent probability that she will develop breast cancer sometime in her life ... it's important that we help people be able to know that information and know they won't be discriminated against in their employment ... . Quite honestly, with genetic information we have today, we could identify a pool of people that ... no one would want to employ. [GIPA] helps guarantee that we don't have that kind of discrimination occur.

Illinois House Transcript, 2008 Reg. Sess. No. 276, pp. 33-34.

21. To accomplish the Illinois Legislature's goal of ensuring that genetic information is not used to discriminate against employees, GIPA adopted GINA's definition of "genetic information" that includes not just the narrow results of an individual's genetic tests, but also

5

information regarding "[t]he manifestation of a disease or disorder in family members of such individual[.]" 410 ILCS 513/10; *see* 45 C.F.R. § 160.103.

22. GIPA bars employers from directly or indirectly requesting or using genetic information in hiring, firing, demoting, or in determining work assignment or classifications of applicants or employees. Specifically, GIPA states: "An employer ... shall not directly or indirectly do any of the following:

> **(1)** solicit, request, require or purchase genetic testing or genetic information of a person or a family member of the person, ... as a condition of employment, preemployment application...;
>
> **(2)** affect the terms, conditions, or privileges of employment, preemployment application, ... or terminate the employment, ... of any person because of genetic testing or genetic information with respect to the employee or family member...;
>
> **(3)** limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, ...; and
>
> **(4)** retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 Ill. Comp. Stat. 513/25(c). Nor may an employer or prospective employer enter into an agreement with a person to take a genetic test. 410 ILCS 513/25(d).

23. Even if an employer otherwise obtains genetic information lawfully, it still may not use or disclose the genetic information in violation of GIPA. 410 ILCS 513/25(j).

24. In order to enforce these and other requirements, GIPA provides individuals with a broad private right of action, stating: "Any person aggrieved by a violation of this Act shall have

6

a right of action ... against an offending party." 410 ILCS 513/40(a). Under this private right of action, a party may recover, for each violation: (a) $2,500 or actual damages, whichever is greater for a negligent violation or $15,000 or actual damages, whichever is greater for a willful violation; (b) reasonable attorneys' fees; and (c) "[s]uch other relief, including an injunction, as the ... court may deem appropriate." *Id.*

25. Plaintiffs are not required to allege or prove actual damages in order to state a claim under GIPA, and they can seek statutory damages under GIPA as compensation for the injuries caused by Defendant. See *Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, at ¶ 40, 432 Ill. Dec. 654, 129 N.E.3d 1197 (holding that "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under [the Illinois Biometric Privacy Act ("BIPA")] in order to qualify as an "aggrieved person" under BIPA); see also *Bridges v. Blackstone Grp., Inc.*, 2022 U.S. Dist. LEXIS 121205, *8 (holding that it is appropriate to apply BIPA's definition of "aggrieved person" used by the *Rosenbach* court to alleged violations of GIPA).

26. Thus, GIPA provides valuable privacy rights, protections, and benefits to the citizens of Illinois and provides those citizens with the means to aggressively enforce those rights.

## PLAINTIFF SPECIFIC ALLEGATIONS

### PLAINTIFF MICHELLE BAILEY

27. On or about October 11, 2018, Plaintiff Michelle Bailey began working at the Caseyville Plant through a temporary employment agency.

28. On or about January 9, 2019, Ms. Bailey submitted an application to Defendant for the full-time, permanent position of Shipping Checker Labor at the Caseyville Plant.

7

29. On or about January 9, 2019, during the application and hiring process, Defendant directly solicited, requested, or required Ms. Bailey to disclose her family medical history. Specifically, during the application and hiring process, Ms. Bailey was required to submit to a pre-employment physical as a requirement in the hiring process. The physical was conducted by Defendant's in-house medical provider at the Caseyville Plant. During the physical, Defendant's in-house medical provider solicited, requested, or required Ms. Bailey to disclose her family medical history.

30. In response, Ms. Bailey disclosed genetic information, including conditions that her family members had been diagnosed with.

31. Ms. Bailey was not directed by Defendant, either verbally or in writing, to not disclose the solicited genetic information.

32. Ms. Bailey was hired by Defendant for the Shipping Checker Labor position after completing all required steps in the hiring process. Ms. Bailey's job duties included picking up and moving rolls of film weighing approximately fifty (50) pounds for industrial machinery which utilized the large rolls of film to package food products processed by Defendant. She also handled labels for the food products, ordered the film and labels to be used in the packaging process, and operated the machinery in accordance with the Caseyville Plant's production schedules.

33. Ms. Bailey was employed by Defendant at the Caseyville Plant from on or about January 9, 2019, through on or about August 1, 2019.

34. Ms. Bailey did not provide prior, knowing, voluntary, and written authorization to Defendant for the use of her genetic information in furtherance of a workplace wellness program.

8

## PLAINTIFF MICHAEL JETT

35. On or about July 2020, Plaintiff Michael Jett submitted an application to Defendant for the position of General Laborer at the Joslin Plant.

36. On or about July 2020, during the application and hiring process, Defendant directly solicited, requested, or required Mr. Jett to disclose his family medical history. Specifically, during the application and hiring process, Mr. Jett was required to submit to a pre-employment physical as a requirement in the hiring process. The physical was conducted by Defendant's in-house medical provider at the Joslin Plant. During the physical, Defendant's in-house medical provider solicited, requested, or required Mr. Jett to disclose his family medical history.

37. In response, Mr. Jett disclosed genetic information, including conditions that his family members had been diagnosed with.

38. Mr. Jett was not directed by Defendant, either verbally or in writing, to not disclose the solicited genetic information.

39. Mr. Jett was hired by Defendant for the General Laborer position after completing all required steps in the hiring process. Mr. Jett's job duties involved strenuous physical labor involved with the production of Defendant's food products and required Mr. Jett to stand for eight (8) hours per day, have good hand/eye coordination, and to be able to push, pull, carry and/or lift items weighing in excess of forty (40) pounds.

40. Mr. Jett was employed by Defendant at the Joslin Plant from on or about July 2020, through on or about 2021.

41. Mr. Jett did not provide prior, knowing, voluntary, and written authorization to Defendant for the use of her genetic information in furtherance of a workplace wellness program.

9

## DEFENDANT VIOLATES GIPA AS A MATTER OF COURSE

42. Based on Plaintiffs' experience, they believe that, during the hiring process, Defendant asks employees and/or prospective employees to provide family medical histories as a condition of employment and/or as part of its hiring process.

43. Plaintiffs understand, on information and belief, that Defendant, or agents on its behalf, requests this family medical history information for the purpose of evaluating the risk that the individual may have inherited genetic conditions from family members, and then improperly uses that information when making its hiring decisions and staffing assignments.

44. On information and belief, Defendant requests this family medical history information as part of an effort to avoid risk and/or liability for workplace injuries and/or deaths caused by genetic conditions, including but not limited to hypertension, cancer, heart conditions, diabetes and stroke, that Defendant believes could be inherited and that could be exacerbated by workplace conditions, especially if these conditions are high-stress and/or physically demanding.

45. Defendant was or should have been aware of its obligations under GIPA. Nevertheless, Defendant intentionally and/or recklessly captured, collected, and/or retained Plaintiffs' genetic information in the form of their family medical history in violation of Illinois law.

46. As a result, Defendant's violation was willful because it knew, or reasonably should have known, that it was failing to comply with the above-described requirements of GIPA.

## CLASS ACTION ALLEGATIONS

47. **Proposed Class Definition**: Plaintiffs bring this action pursuant to 735 ILCS 5/2-801 on behalf of themselves and the following class (the "**Class**") of similarly situated individuals, defined as follows:

10

48. The Class brought by Plaintiffs consists of:

> All individuals, from the date five years prior to the date of the filing of this action to the date of class certification of this action, (1) who applied for employment with Defendant or were employed by Defendant in Illinois, and (2) from whom Defendant, or an agent acting on behalf of Defendant, requested and/or obtained genetic information, including family medical history, in connection with the person's application for employment or the person's employment with Defendant.

Excluded from the class are Defendant's officers and directors, Plaintiffs' counsel, and any member of the judiciary presiding over this action.

49. Plaintiffs reserve the right to modify this class definition as they obtain relevant information, including employment records, through discovery.

50. **Numerosity:** The exact number of class members is unknown and is not available to Plaintiffs at this time, but Defendant employs over one thousand people in Illinois, and it is believed that all of those individuals will fall within the proposed Class. Therefore, it is clear that individual joinder in this case is impracticable. Proposed Class members can easily be identified through Defendant's employment records.

51. **Common Questions:** There are several questions of law and fact common to the claims of Plaintiffs and the proposed Class members, and those questions predominate over any questions that may affect individual proposed Class members. Common questions include, but are not limited to, the following:

   a. whether Defendant, or an agent acting on behalf of Defendant, solicited, requested, captured or collected family medical history of prospective employees;

   b. whether Defendant, or an agent acting on behalf of Defendant, solicited, requested, captured or collected family medical history of existing employees;

   c. whether Defendant obtained genetic information from Plaintiffs and the class

11

FILED DATE: 1/27/2023 4:50 PM    2023CH00881

by asking for family medical history; and

d. whether Defendant's solicitation, request, collection, or use of genetic information constituted a violation of GIPA.

52. **Typicality**: Plaintiffs' claims are typical of the claims of the proposed Class members. Plaintiffs would only seek individual or actual damages if class certification is denied. In addition, Plaintiffs are entitled to relief under the same causes of action and upon the same facts as the other members of the proposed Class.

53. **Adequacy of Representation:** Plaintiffs will fairly and adequately represent and protect the interest of the Class and have retained competent counsel experienced in complex litigation and class action litigation. Plaintiffs have no interests antagonistic to those of the class, and Defendant has no defenses unique to Plaintiffs.

54. **Appropriateness:** Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Even if proposed Class members were able or willing to pursue such individual litigation, a class action would still be preferable due to the fact that a multiplicity of individual actions would likely increase the expense and time of litigation given the complex legal and factual controversies presented in this Class Action Complaint. A class action, on the other hand, provides the benefits of fewer management difficulties, single adjudication, economy of scale, and comprehensive supervision before a single court, and would result in reduced time, effort and expense for all parties and the Court, and ultimately, the uniformity of decisions.

### COUNT I
### VIOLATION OF 410 ILCS 513/25
### SOLICIT, REQUEST AND/OR REQUIRE GENETIC INFORMATION OF A PERSON OR A FAMILY

12

MEMBER OF A PERSON AS A CONDITION OF EMPLOYMENT OR PREEMPLOYMENT APPLICATION

55. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

56. Defendant is a corporation and employs individuals within the State of Illinois and therefore meets the definition of an "employer" under 410 ILCS 513/10.

57. Family medical history includes the "manifestation or possible manifestation of a disease or disorder in a family member of [an] individual" and is incorporated into the definition of "genetic information" under 410 ILCS 513/10 and 45 C.F.R. § 160.103.

58. Plaintiffs were individually asked to provide, and did provide, family medical history as a condition of employment during the application and hiring process to work for Defendant.

59. Defendant, or an agent acting on its behalf, solicited, requested, or required Plaintiffs to disclose family medical history as a condition of employment during the application and hiring process to work for Defendant.

60. Defendant directly solicited, requested, or required Plaintiffs to disclose family medical history during a pre-employment physical as a condition of employment during the application and hiring process to work for Defendant.

61. Plaintiffs were not directed, either verbally or in writing, not to provide genetic information when compelled for their family medical history.

62. After providing their family medical history, Plaintiffs were offered and accepted employment with Defendant in Illinois.

63. Plaintiffs and the proposed Class members were aggrieved by Defendant's violations of their statutorily protected rights to privacy in their genetic information, as set forth in

13

GIPA, when Defendant directly or indirectly solicited, requested and/or required them to disclose their genetic information as a condition of ongoing employment or a condition of a pre-employment application.

64. By indirectly or directly soliciting, requesting and/or requiring Plaintiffs and the proposed Class members to provide their genetic information as described herein, Defendant violated Plaintiffs' and the proposed Class members' rights to privacy in their genetic information as set forth in GIPA.

65. On behalf of themselves and the proposed Class members, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the proposed Class by requiring each Defendant to comply with GIPA as described herein; (3) statutory damages of $15,000 or actual damages, whichever is greater, for each intentional and/or reckless violation of GIPA pursuant to 410 ILCS 513/40(2) or, in the alternative, statutory damages of $2,500 or actual damages, whichever is greater, for each negligent violation of GIPA pursuant to 410 ILCS 513/40(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 410 ILCS 513/40(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the proposed Class of similarly situated individuals, pray for an Order as follows:

- A. Finding this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801 and certifying the proposed Class as defined herein;

- B. Designating and appointing Plaintiffs as representatives of the proposed Class and Plaintiffs' undersigned counsel as Class Counsel;

- C. Declaring that Defendant's actions, as set forth above, violate GIPA;

FILED DATE: 1/27/2023 4:50 PM   2023CH00881

D.     Awarding Plaintiffs and the proposed Class members statutory damages of $15,000 or actual damages, whichever is greater, for *each* intentional and/or reckless violation of GIPA pursuant to 410 ILCS 513/40(2), or statutory damages of $2,500 or actual damages, whichever is greater, for *each* negligent violation of GIPA pursuant to 410 ILCS 513/40(1);

E.     Declaring that Defendant's actions, as set forth above, were intentional or reckless and/or declaring that Defendant's actions, as set forth above, were negligent;

F.     Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the proposed Class, including an Order prohibiting Defendant from soliciting, requesting and/or requiring genetic information as a condition of employment or in a pre-employment application pursuant to GIPA;

G.     Awarding Plaintiffs and the proposed Class members reasonable attorneys' fees and costs incurred in this litigation pursuant to 410 ILCS 513/40(3);

H.     Awarding Plaintiffs and the proposed Class pre- and post-judgment interest, to the extent allowable; and

I.     Granting all such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby requests a jury trial on all issues so triable.

Dated: January 27, 2023            Respectfully submitted,

*/s/ Edward A. Wallace*
Edward A. Wallace
Mark R. Miller
Molly C. Wells
WALLACE MILLER
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
T. (312) 261-6193
E. eaw@wallacemiller.com
   mrm@wallacemiller.com
   mcw@wallacemiller.com
Firm ID: 65958

Laura Carroll, Esq.
Elizabeth Brehm, Esq.*
Kyle McLean, Esq.*
SIRI & GLIMSTAD LLP

15

FILED DATE: 1/27/2023 4:50 PM   2023CH00881

745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: 212-532-1091
E. lcarroll@sirillp.com
  ebrehm@sirillp.com
  kmclean@sirillp.com

*COUNSEL FOR PLAINTIFFS*

*(Pro Hac Vice* To Be Filed)

16